Michael E. Stern
MSTERN@GVLAW.COM
GALLO VITUCCI KLAR LLP
3 University Plaza Drive, Suite 402
Hackensack, NJ 07601
201-343-1166 Phone
201-343-1223 Fax
*Attorney for Defendant GATEWAY INTERNATIONAL*
Our File No.: MISC.2026003

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAERSK AGENCY U.S.A., INC., AS AGENT FOR CARRIER MAERSK LINE A/S dba MAERSK LINE, <br><br> Plaintiff, <br><br> v. <br><br> GATEWAY INTERNATIONAL LLC, <br><br> Defendant. | **Docket No. 2:25-cv-18300** <br><br> **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendant, GATEWAY INTERNATIONAL, by its attorneys Gallo Vitucci Klar LLP, as and for its answer to Plaintiff' Complaint alleges and says upon information and belief:

### ANSWERING JURISDICTION AND VENUE

1.     The allegations in paragraph 1 are allegations of law to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.     The allegations in paragraph 2 are allegations of law to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph n2.

### ANSWERING FIRST COUNT

3.     Defendant denies knowledge or information sufficient to answer the allegations in paragraph 3.

4.      Defendant admits that it is a limited liability corporation with an office and place of business in this district, but except as specifically admitted, denies the allegations in paragraph 4.

5.      Defendant admits that it is a Non-Vessel Owning Common Carrier, however denies that it acted in that capacity in connection with the bills of lading issued by Maersk. Defendant denies all remaining allegations in paragraph 5 as being pled by Plaintiff in bad faith and without proper investigation.

6.      Defendant denies the allegations in paragraph 6 and states that Plaintiff knows or should know that the allegations in paragraphs are false and interposed without a good faith basis.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant denies the allegations in paragraph 8 and states that Plaintiff knows or should know that the allegations in paragraphs are false and interposed without a good faith basis.

9.      Defendant admits Plaintiff made a demand for payment which demand was and is in contravention of the clear provisions of the Ocean Shipping Reform Act, 46 U.S.C. § 41102 (c). ("OSRA")

10.     Defendant denies the allegations in paragraph 10 .

11.     Defendant denies the allegations in paragraph 11.

### ANSWERING SECOND COUNT

12.     Defendant restates and realleges the answers in paragraphs 1 through 11 of the Answer as if set forth more fully herein.

13.     Defendant denies the allegations in paragraph 13 and states that Plaintiff knows or should know that the allegations in paragraphs are false and interposed without a good faith basis.

14.  Defendant denies the allegations in paragraph 14 and states that Plaintiff knows or should know that the allegations in paragraphs are false and interposed without a good faith basis.

15.  Defendant denies the allegations in paragraph 15.

16.  Defendant denies the allegations in paragraph 16.

## ANSWERING THIRD COUNT

17.  Defendant restates and realleges the answers in paragraphs 1 through 16 of the Answer as if set forth more fully herein.

18.  Defendant denies the allegations in paragraph 18.

## ANSWERING FOURTH COUNT

19.  Defendant restates and realleges the answers in paragraphs 1 through 18 of the Answer as if set forth more fully herein.

20.  Defendant denies the allegations in paragraph 20.

## ANSWERING FIFTH COUNT

21.  Defendant restates and realleges the answers in paragraphs 1 through 20 of the Answer as if set forth more fully herein.

22.  Defendant denies the allegations in paragraph 22.

23.  Defendant denies the allegations in paragraph 23.

## ANSWERING SIXTH COUNT

24.  Defendant restates and realleges the answers in paragraphs 1 through 23 of the Answer as if set forth more fully herein.

25.  Defendant denies the allegations in paragraph 25.

26.    Defendant denies the allegations in paragraph 26.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint herein fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant did not issue a bill of lading to the shipper and did not act as a Non-Vessel Owning Common Carrier.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim because Defendant was not the shipper identified on the applicable Maersk bills of lading and is not in privity of contract with Maersk.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pursuant to 46 U.S.C. § 41102 (c) of OSRA, a carrier may issue an invoice for demurrage or detention only to (1) the person for whose account the [carrier] provided ocean transportation or storage of cargo and who contracted with the [carrier] or (2) the consignee. The carrier cannot issue an invoice to any other party. Defendant is not one of the parties identified as a proper party to be billed and Plaintiff issued the invoices in violation of OSRA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant is not the "consignee" as defined in OSRA, because it was not the "ultimate recipient of the cargo". Maersk illegally issued the invoices to Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff alleges the existence of a contractual right for payment, which is denied. To the extent a contract exists, claims for unjust enrichment and account stated fail to state a claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant was not a party to the applicable bills of lading, never took nor was entitled to take delivery of the cargo and is not a party to be billed for demurrage or detention.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff had a course of dealing with the Shipper and the party who booked the cargo [Swen (India)] to bill the Shipper all freight and charges, including demurrage charges. As such, the Complaint fails to state a claim against Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge that at all times relevant Defendant was agent for a disclosed principal, Defendant is not liable for the debts or obligations of the disclosed principal.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Failure to join an indispensable party.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with attorneys' fees, costs and disbursements of this action, together with such other and further relief as the Court deems just.

Dated: New York, New York
  February 26, 2026

> GALLO VITUCCI KLAR LLP
> *Attorney for Defendant GATEWAY INTERNATIONAL LLC*
> Our File No.: MISC.2026003
> By:    *Michael E. Stern, Esq.*
> mstern@gvlaw.com
> 3 University Plaza Drive, Suite 402
> Hackensack, NJ 07601
> 201-343-1166 Phone
> 201-343-1223 Fax